Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Brett E. Applegate, OSB No. 132944
bapplegate@swlaw.com
Mackenzie E. L. Wong, OSB No. 214984
melwong@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
Telephone: 503.624.6800
Facsimile: 503.624.6888
Attorneys for Defendants Littlejohn Financial
Services, Inc., and Fred David Littlejohn II

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| CHERI PIKE and CAROLE MACHADO, as Co-Trustees of The Carole A. Machado Revocable Living Trust,<br><br>          Plaintiffs,<br><br>vs.<br><br>LITTLEJOHN FINANCIAL SERVICES, INC., an Oregon corporation; and FRED DAVID LITTLEJOHN II, an individual,<br><br>          Defendants. | Case No. 6:24-CV-00707-MC<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants answer the Complaint as follows:

### THE PARTIES

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 1, and on that basis deny the same.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 2, and on that basis deny the same.

3.      Admit.

4.      Admit.

## JURISDICTION AND VENUE

5.      Defendants admit that plaintiffs allege damages in an amount exceeding $75,000 but, as noted above, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' domicile.

6.      Defendants admit that plaintiffs allege facts indicating that this Court is the proper venue. Defendants further aver that the Eugene Division is the proper divisional venue pursuant to Local Rule 3-2.

## FACTS

7.      Admit that Littlejohn Financial Services, Inc. ("LFS"), and Carole Machado, as Trustee of the Carole A. Machado Revocable Living Trust, executed an Investment Advisory Agreement dated as of July 5, 2017. A copy of the Investment Advisory Agreement is attached hereto as Exhibit 1. Admit that plaintiffs terminated its relationship with LFS in May of 2021. Except as expressly admitted, Defendants deny the allegations of paragraph 7.

8.      The LFS website speaks for itself.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

10.     The Investment Advisory Agreement speaks for itself. Although the Machado Trust at times had approximately $20 million under LFS management, that was not always the case; on that basis, Defendants deny the second sentence of paragraph 10.

11.     The Investment Advisory Agreement speaks for itself, and Defendants aver that their discretion extended only to Machado Trust assets contained in Charles Schwab accounts. Except as expressly admitted, Defendants deny the allegations of paragraph 11.

12.     Paragraph 12 is a legal conclusion to which no response is required.

13.     Admit to introducing Plaintiffs to Kent Limson. Defendants otherwise deny the allegations of paragraph 13, and further aver (a) Limson, a CPA, brokered hard-money loans; and (b) Mr. Limson, and not Defendants, recommended the investment.

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

14.    Deny, and further aver: Defendants referred plaintiffs to Limson based on plaintiffs' request for alternatives to the cash in which a substantial portion of the trust's assets had been held. Defendants simply shared the terms that Limson sent and discussed how the investment aligned with Plaintiffs' overall strategy. Defendants neither recommended the investment nor agreed to provide due diligence.

15.    Deny as to the first sentence. Defendants lack knowledge or information sufficient to form a belief as to plaintiffs' alleged knowledge or lack thereof. Defendants admit that they did not discuss bonding and aver that there was no reason to based on the circumstances at the time. Except as expressly admitted, Defendants deny the allegations of paragraph 15.

16.    Deny.

17.    Defendants did not underwrite the loan nor agree to provide due diligence. *See* Exhibit 1. The Tacsis/All Net Investment in which plaintiffs chose to engage was entirely outside the scope of Defendants' discretionary authority. Except as expressly admitted, defendants deny the allegations of paragraph 17.

18.    Admit that Mr. Arellano and his company are being sued in California and, in connection with that lawsuit, Defendants have come to learn that Arellano and his company were not properly licensed. Defendants lack knowledge or information sufficient to form a belief as to what "a simple internet search would have shown" in 2018. Defendants deny they had an obligation to conduct diligence in connection with the Tacsis/All Net Investment. To the extent that paragraph 18 alleges a legal conclusion concerning the scope of fiduciary duties, no response is required. Except as expressly admitted, Defendants deny the allegations of paragraph 18.

19.    Deny.

20.    Defendants were not a party to the investment Plaintiffs refer to in paragraph 20 and therefore are without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in the same. To the extent the paragraph alleges Defendants acted unlawfully, Defendants deny the allegations of paragraph 20.

21.    Defendants admit sending Plaintiffs a receipt for the money Plaintiffs wired from

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

Defendants' firm to an escrow company. Defendants were not party to the transfer or the investment and as such were not privy to any such terms regarding the same. To the extent the paragraph alleges Defendants acted unlawfully, Defendants deny the allegations of paragraph 21.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny the same.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny the same.

24.    Defendants did not sign the business Loan & Security Agreement between Tacsis and All Net because this was a third-party agreement that Defendants did not guarantee or represent the product or investment involved. Moreover, Defendants specifically noted that they could not provide legal advice or comment on the paperwork. Defendants did not perform due diligence as the Tacsis/All Net Investment was outside the scope of the Investment Advisory Agreement. Except as admitted herein, defendants deny the allegations of paragraph 24.

25.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.    Defendants were not involved with Plaintiffs' investment with this third party. Except as expressly admitted, defendants deny the allegations of paragraph 26.

27.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.    Defendants were not involved with Plaintiffs' investment with this third party, and further aver that the article referenced in paragraph 30 was authored nearly four years after the events alleged in the Complaint. Except as expressly admitted, defendants deny the allegations of paragraph 30.

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

31.     Deny.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, though they admit based on public sources that there is a California lawsuit bearing the case number mentioned in paragraph 33.

34.     Defendants admit signing a tolling agreement. Defendants admit that plaintiffs have sued. Defendants otherwise deny the allegations of paragraph 34.

**FIRST CAUSE OF ACTION: MALPRACTICE / PROFESSIONAL NEGLIGENCE**

35.     Defendants incorporate paragraphs 1 through 34 above and reallege them here in full.

36.     Admit that, as a general matter, financial advisors owe fiduciary duties when advising within the scope of their engagement. Deny to the extent that paragraph 36 purports to allege fiduciary duties with respect to all investment opportunities.

37.     Admit that the parties entered into the agreement attached as Exhibit 1. Paragraph 37 otherwise states a legal conclusion to which no response is required.

38.     Deny, and further aver that defendants had no such duty with respect to the Tacsis/All Net Investment, and that they did not "recommend[]" the investment.

39.     Deny.

40.     Deny.

**SECOND CAUSE OF ACTION: COMMON LAW NEGLIGENCE**

41.     Defendants incorporate paragraphs 1 through 40 above and reallege them here in full.

42.     Defendants admit to entering into the Investment Advisory Agreement, and that doing so created certain fiduciary obligations to plaintiffs. Except as otherwise admitted, defendants deny the allegations of paragraph 42.

43.     Deny.

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

44.    Deny, and aver that defendants did not "recommend[]" the Tacsis/All Net Investment.

45.    Deny.

### THIRD CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY

46.    Defendants incorporate paragraphs 1 through 46 above and reallege them here in full.

47.    Defendants admit to entering into the Investment Advisory Agreement, and that doing so created certain fiduciary obligations to plaintiffs. Except as otherwise admitted, defendants deny the allegations of paragraph 47.

48.    Deny.

49.    Deny.

### FIRST AFFIRMATIVE DEFENSE

1.    While Defendants deny Plaintiffs' claims in full, any and all claims raised in Plaintiffs' complaint should be abated pending the outcome of a lawsuit pending in Los Angeles, California, Case No. 20STCV41938. That lawsuit pertains to the fraudulent investment that Plaintiffs in this action allege harmed them.

### SECOND AFFIRMATIVE DEFENSE

2.    The Machado Trust earned significant net profits during the tenure of the parties' relationship. Plaintiffs therefore did not suffer any damage.

### THIRD AFFIRMATIVE DEFENSE

3.    To the extent that Plaintiffs suffered damage, such damage was caused, in whole or in part, by at least one non-party to this lawsuit. Plaintiffs' claims therefore are barred or reduced in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

4.    To the extent that plaintiffs relied on the advice of Mr. Limson (a CPA and fiduciary), Mr. Limson is responsible for any harm to Plaintiffs in relation to the Tacsis/All Net

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

Investment.

## FIFTH AFFIRMATIVE DEFENSE

5.    At all relevant times, Plaintiffs were sophisticated, accredited investors who assumed the risk that the Tacsis/All Net Investment would cause them loss.

## SIXTH AFFIRMATIVE DEFENSE

6.    Defendants' duties were limited to those set forth in the IAA and did not include discretionary authority over the Tacsis/All Net Investment.

## SEVENTH AFFIRMATIVE DEFENSE

7.    To the extent that Plaintiffs allege that Defendants undertook responsibilities, obligations, or duties beyond those expressly stated in the IAA, the parol evidence rule forecloses such allegations.

## EIGHTH AFFIRMATIVE DEFENSE

8.    To the extent Defendants are determined to have undertaken duties with respect to the Tacsis/All Net Investment, Defendants complied with any such duties.

## NINTH AFFIRMATIVE DEFENSE

9.    To the extent that Plaintiffs allege that Defendants should have advised them regarding the fraudulent nature of the Tacsis/All Net Investment, any such underlying fraud was not reasonably foreseeable (with or without reasonable due diligence) at the time of the alleged events. As such, any failure to advise with respect to the underlying fraud cannot constitute a breach of any duty.

## TENTH AFFIRMATIVE DEFENSE

10.    Plaintiffs have failed to allege any facts that would entitle them to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Defendants pray for the following:

1.    That Plaintiffs take nothing by way of their Complaint and that judgment be
       entered in favor of Defendants;

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

2.      That Defendants be awarded costs of suit incurred in defense of this action; and

3.      For such other and further relief as the Court deems just and proper.


DATED this 5th day of June, 2024.              SNELL & WILMER L.L.P.


                                               /s/ Clifford S. Davidson
                                               Clifford S. Davidson, OSB No. 125378
                                               Brett E. Applegate, OSB No. 132944
                                               Mackenzie E. L. Wong, OSB No. 214984
                                               Attorneys for Defendants Littlejohn Financial
                                               Services, Inc., and Fred David Littlejohn II


4875-8223-4049

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800