Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Brett E. Applegate, OSB No. 132944
bapplegate@swlaw.com
Mackenzie E. L. Wong, OSB No. 214984
melwong@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
Telephone: 503.624.6800
Facsimile: 503.624.6888
Attorneys for Defendants Littlejohn Financial
Services, Inc., and Fred David Littlejohn II

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| CHERI PIKE and CAROLE MACHADO, as Co-Trustees of The Carole A. Machado Revocable Living Trust,<br><br>        Plaintiffs,<br><br>vs.<br><br>LITTLEJOHN FINANCIAL SERVICES, INC., an Oregon corporation; and FRED DAVID LITTLEJOHN II, an individual,<br><br>        Defendants.<br><br>LITTLEJOHN FINANCIAL SERVICES, INC., an Oregon corporation; and FRED DAVID LITTLEJOHN II, an individual,<br><br>        Third-Party Plaintiffs,<br><br>vs.<br><br>TACSIS, LLC, a California limited liability company, and KENT LIMSON, an individual.<br><br>        Third-Party Defendants. | Case No. 6:24-CV-00707-MC<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT** |

## LR 7-1 CERTIFICATION

The parties have conferred, and plaintiffs do not oppose the subject matter of this motion.

## MOTION

Pursuant to Fed. R. Civ. P. 14, defendants Littlejohn Financial Services, Inc. and Fred David Littlejohn II move for leave to file a third-party complaint against Tacsis, LLC, a California limited liability company, and Kent Limson, an individual. This Motion is based on the following Memorandum, the attached proposed Third-Party Complaint, and the pleadings on file herein.

## MEMORANDUM

### I. BACKGROUND

This action arises from plaintiffs' claims for professional malpractice, negligence, and breach of fiduciary duty against defendants Littlejohn Financial Services, Inc. and Fred David Littlejohn II. Plaintiffs allege monetary losses related to an investment facilitated by the proposed third-party defendants, Kent Limson and Tacsis, LLC. While defendants deny any such liability, defendants assert that to the extent they are found liable, Tacsis, LLC and Kent Limson must indemnify defendants.

### II. LEGAL STANDARD AND ARGUMENT

Pursuant to Fed. R. Civ. P. 14(a)(1), a party may, "as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." The third-party plaintiff must obtain leave of the Court to file a third-party complaint more than 14 days after filing its answer. Fed. R. Civ. Pro. 14(a)(1). "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third party who may be derivatively liable to the defendant for all or part of the plaintiff's original claim." *Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir. 1989) (citing 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1442 (1971)). It has been more than 14 days since defendants filed their Answer, so defendants must seek leave.

Page 2 – MOTION FOR LEAVE TO FILE
THIRD-PARTY COMPLAINT

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

The purpose of common-law indemnity directly aligns with the purpose of Rule 14: "The purpose of the [common-law indemnity] rule is to promote the expeditious and economical adjudication in a single action of the entire subject matter arising from a set of facts, including claims contingent on the determination of other issues in the case." *Kahn v. Weldin*, 60 Or. App. 365, 371 (1982) (citation omitted); *Cordova v. FedEx Ground Packaging Sys., Inc.*, 104 F.Supp.3d 1119, 1131 (D. Or. 2015) ("[T]he third-party claim [under Rule 14] is appropriate only when liability is dependent on the outcome of the main claim and is secondary or derivative thereto.") (citation omitted) (internal quotation omitted); *see also* 4 B., Wright & A Miller, *Federal Practice and Procedure* § 1446 (2024) ("[A] claim may be asserted under [Rule 14] only when the third party's liability is in some way dependent on the outcome of the main claim * * * thus impleader has been successfully utilized when the basis of the third-party claim is indemnity[.]"). In this matter, impleading the proposed third-party defendants promotes judicial efficiency because it allows defendants to address their common-law indemnity claims against the proposed third-party defendants in the same action that addresses defendants' liability to plaintiffs for the same allegations, which is the consistent with the purpose of Rule 14.

There is good cause for defendants to file the third-party complaint more than 14 days after the Answer. It was not until exploring the facts of this matter further, including certain filings in a California lawsuit involving Tacsis and Limson, that defendants discovered the basis for indemnity.

For the foregoing reasons, there is good cause to grant the unopposed motion for leave to file the attached proposed third-party complaint.

DATED this 13th day of August, 2024.                SNELL & WILMER L.L.P.

*/s/ Clifford S. Davidson*
Clifford S. Davidson, OSB No. 125378
Brett E. Applegate, OSB No. 132944
Mackenzie E. L. Wong, OSB No. 214984
Attorneys for Defendants Littlejohn Financial Services, Inc., and Fred David Littlejohn II

Page 3 – MOTION FOR LEAVE TO FILE
THIRD-PARTY COMPLAINT

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800