**Adam M. Starr, OSB #125393**
AdamStarr@MarkowitzHerbold.com
**MARKOWITZ HERBOLD PC**
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085

**John S. Manzano (*Admitted Pro Hac Vice*)**
john@tacsis.com
**TACSIS LAW APC**
3424 W. Carson Street, Suite 600
Torrance, CA 90503

*Attorneys for Third-Party Defendants TACSIS APC,*
*TACSIS, LLC, and Kent Limson*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHERI PIKE and CAROLE MACHADO, as Co-Trustees of the Carole A. Machado Revocable Living Trust,<br><br>Plaintiffs,<br><br>v.<br><br>LITTLEJOHN FINANCIAL SERVICES, INC., an Oregon Corporation; and FRED DAVID LITTLEJOHN II, an individual,<br><br>Defendants.<br><br>LITTLEJOHN FINANCIAL SERVICES, INC., an Oregon Corporation; and FRED DAVID LITTLEJOHN II, an individual,<br><br>Third-Party Plaintiffs,<br><br>v. | Case No. 6:24-cv-00707-MC<br><br>**DECLARATION OF KENT LIMSON IN SUPPORT OF THIRD-PARTY DEFENDANTS' REPLY TO MOTION TO DISMISS** |

Page 1 –    DECLARATION OF KENT LIMSON

TACSIS APC, a California professional stock corporation; TACSIS LLC, a California limited liability company; and KENT LIMSON, an individual

              Third- Party Defendants.

I, Kent Limson, declare as follows:

1. I am a third-party defendant in the above-referenced action. I make this Declaration in support of my and Third-Party Defendants Tacsis APC's and Tacsis, LLC's Motion to Dismiss Third-Party Complaint. I have personal knowledge of the facts set forth in this Declaration. If called upon to testify, I could and would testify competently to the matter set forth herein.

2. My father-in-law, Dr. Jon-Marc Weston, was a financial planning client of Third-Party Plaintiffs Littlejohn Financial Services, Inc. and David Littlejohn II for several years.

3. During this period, Mr. Littlejohn provided financial planning services for the Weston family, which is how I was first introduced to Mr. Littlejohn.

4. Mr. Littlejohn's contention that I instructed Dr. Weston to promote the Las Vegas stadium project (the "Stadium Project") is, quite simply, false. While I did discuss the Stadium Project with Dr. Weston, I in no way instructed or encouraged Dr. Weston to pitch and/or discuss the Stadium Project to Mr. Littlejohn or anyone else.

5. It is my understanding that Dr. Weston had a long-standing relationship with Mr. Littlejohn over the years, in that Mr. Littlejohn was Dr. Weston's tenant, financial advisor, and even the executor of Dr. Weston's estate.

6. In late 2018, Mr. Littlejohn expressed an interest in learning more about the Stadium Project, and in turn, Dr. Weston provided my contact information to Mr. Littlejohn.

7.  Mr. Littlejohn's contention that I was providing all due diligence materials regarding the Stadium Project and that he relied on my due diligence, having done none himself, is false. I did not prepare and pitch the deal to his client (Third-Party Complaint, (Dkt. 17) ¶¶ 12-15), as I simply provided what due diligence records I had compiled for my own use. After providing such materials to Mr. Littlejohn, on or about November 14, 2018, Mr. Littlejohn wrote an email to me that stated:

> I've had an opportunity to speak with some clients. One in particular may be interested in a $1,000,000 block of the stadium financing deal. Any other due diligence information you could provide to me would be useful. **I will be performing the background work.** It sounds like the client would be basing their decision primarily off of my recommendation (yikes?). Thanks – I look forward to digging in on this one. (A copy of this email is attached as **Exhibit 1**) (emphasis added).

8.  The purpose for my having "due diligence" documents on the Stadium Project was due to the fact that I had loaned some of my personal funds into the Stadium Project after being contacted by someone involved in the project. I had looked into the Stadium Project for my own benefit and assurance against risk. At the time, through Tacsis, I was performing CPA and tax assistance for clients in my Los Angeles area office. Dr. Weston was not then, and is not now, a client of mine. I spoke about the Stadium Project as a matter of daily family talk, as I was about to marry his daughter, Christina, who had traveled with me to the Stadium Project site on several occasions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed October 30, 2024, at Torrance, California.

_____
Kent Limson

2219295.1

Page 3 –    DECLARATION OF KENT LIMSON